## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**WILLIAM T. MAYFIELD**                                    **PLAINTIFF**
**#659228**

**v.**                    **No: 4:24-cv-00058-JM-PSH**

**COOPER,** *et al.*                                      **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr.   You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff William T. Mayfield filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 24, 2024, while incarcerated at the Saline County Detention Center (Doc. No. 1).[1]  The Court subsequently granted Mayfield *in forma pauperis*

---

[1] Mayfield is now incarcerated at the Arkansas Division of Correction's Pine Bluff Unit.  *See* Doc. No. 15.

status and directed him to file an amended complaint that described how *his* constitutional rights were violated, how the named defendants were personally involved in any alleged violations of his rights, and how he was injured as a result of the alleged constitutional violations. (Doc. No. 11).  Mayfield was informed that only claims properly set out in his amended complaint would be allowed to proceed. *Id.*  Mayfield subsequently filed an amended complaint (Doc. No. 16).  For the reasons stated herein, Mayfield's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.   28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").  While construed liberally, a *pro se*

complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  In his amended complaint, Mayfield alleges that defendant Deputy Cooper threatened him after he (Cooper) assaulted another inmate in Mayfield's presence on October 3, 2023.  Doc. No. 16 at 6.  He alleges that defendants Blaine, Parsons, and Captain Gilliam witnessed the incident and laughed. *Id.*  Mayfield's claims should be dismissed, as explained below.

***Claims on Behalf of Other Inmates.***  Mayfield originally sued on behalf of the inmate he alleges was attacked by Cooper.  *See* Doc. No. 1.  He appears to abandon those claims in his amended complaint.  *See* Doc. No. 16 at 9 ("This amended complaint is only to be intended for myself Plaintiff #2, William Mayfield . . . ").  To the extent Mayfield has not abandoned those claims, they are subject to dismissal.  He has no standing to sue on behalf of other inmates. *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").

***Verbal Threats.***   Mayfield's claims against Cooper are solely based on alleged verbal threats and insults, which generally do not rise to the level of a constitutional violation.  *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[2]  The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians."[3] *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986).  Because Mayfield's allegations of verbal abuse do not approach this threshold, he does not state an actionable 1983 claim based on Cooper's alleged verbal remarks.  Likewise, the failure of the other defendants to take any action in response to those threats does not equate to a constitutional violation.

### III. Conclusion

For the reasons stated herein, it is recommended that:

---

[2] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation).

[3] In *Burton*, the plaintiff alleged that defendant pointed a revolver at plaintiff, cocked it, and threatened to shoot him while using racial epithets just after the plaintiff had testified about another guard's actions in a hearing on his § 1983 suit. 791 F.2d at 100.

1.      Mayfield's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of April, 2024.

_____
UNITED STATES MAGISTRATE JUDGE